J-A06035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA LAIGHT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H. JAMES LAIGHT | : | |
| | : | |
| Appellant | : | No. 550 WDA 2020 |

Appeal from the Order Entered April 13, 2020
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-15-009105-006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　**FILED: APRIL 13, 2021**

H. James Laight (Husband) appeals from the order entered in the Allegheny County Court of Common Pleas, denying his petition for special relief in this divorce/equitable distribution matter.  Husband avers Sandra Laight (Wife) has failed to provide him all of the parties' silver coin collection, the entirety of which was awarded to him, and thus the trial court erred in not directing Wife to pay him the value of the missing coins.  We vacate the order and remand.

Husband and Wife wed in 1960, and were married for almost 52 years before separating in 2012.  The parties have two adult daughters.  Wife filed a divorce complaint on October 26, 2015, and three days later, a support

complaint. Master's Report & Recommendation, 5/18/17, at 2.[1] The court appointed a special master.

We glean the following factual history from: the notes of testimony to the May 10, 2018, trial before the special master; the master's report of May 17, 2018; and the trial court's opinion.

> This matter relates to the value placed on a silver coin collection which was a marital asset at issue in equitable distribution. [Wife] worked as a bank teller at National City Bank for 31 years. During that time Wife would set aside silver coins she received and substitute them with non-silver coins from her own funds. Over the years she collected a great number of coins. Both parties considered the coins to be valuable but did not have them appraised or insured. The coins were kept on top of a china closet in the marital home where they remained when the parties separated.

Trial Ct. Op., 7/9/20, at 2 (unpaginated).

> All of these coins remained in the house at the time Husband was locked out by Wife. **In discovery Wife asserted that she did not have the coin collection.** It was only during the conciliation conference before [the] Master on February 7, 2018[, that] Wife admit[ted] that she gave the coin collection to [the parties'] 2

---

[1] The certified electronic record transmitted to this Court does not include a support complaint. Furthermore, the record does not include an official certified docket, but instead merely an "index," which functions as a table of contents. We note:

> The original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, **and a certified copy of the docket entries prepared by the clerk of the lower court** shall constitute the record on appeal in all cases.

Pa.R.A.P. 1921 (emphasis added).

daughters. However, it is not proven that the daughters actually received the complete collection and Wife's veracity on this issue is questionable.[2] Husband was not informed of this gift and Wife breached her fiduciary duty to maintain all marital assets for equitable distribution. . . . **Husband wanted to have the collection appraised after separation but Wife persisted in saying she did not have the coins.** This chicanery is contrary to the full disclosure required in equitable distribution matters. . . .

Master's Report & Recommendation at 4-5 (emphases added).

Prior to trial and . . . at trial, Wife asserted that she had given the coins to her two daughters. Neither party offered expert testimony on the value of the coin collection at trial. . . .

Trial Ct. Op. at 2.

At the May 10, 2018, trial before the master, Wife testified the collection included dimes, quarters, half-dollars, dollars, and "some war nickels," the latter of which are not silver. N.T. at 48-49. Wife estimated "[t]he face value" of the coin collection was approximately $2,000. *Id.* at 29. Husband testified that based on his own research, the value was "50 or $60,000." *Id.* at 147. Husband further testified to the following: he discussed with each daughter "what they got;" he believed Wife had given them only 10% of the coin collection; and thus "[a] lot of coins" were missing.[3] N.T. at 147-48. Husband

---

[2] When asked why she gave the coin collection to her daughters, Wife responded she "wanted them [or her grandchildren] to have it." N.T. Master's Equitable Distribution H'rg, 5/10/18, at 30.

[3] Husband further testified he did not object to his daughters receiving the coins as a gift, but rather, "What I object to is there was a lot more coin[s] there than my daughters got." N.T. at 147. Husband further stated he

argued Wife's denial "that she ever had the coins, and [her] giving them away" amounted to "spoliation of evidence," which precluded him "from ever having a chance to get it valued." *Id.* at 157.

The master issued a report on May 17, 2018. As stated above, the master found Wife's veracity, as to whether she had the full coin collection or gave the full coin collection to the daughters, was "questionable." Master's Report & Recommendation at 4. The report also directed as follows:

> **The Master recommends that both daughters return all of the coins received from Mother to Husband's counsel within 14 days.**[FN] . . . Once [counsel] is in possession of the coins, they shall be appraised and valued. [Each party shall pay 50% of the cost.]
>
> _____
> [FN] . . . **Wife shall also reveal/present/transfer all coins from this collection in her possession to [Husband's counsel] within this same 14 day period.**

Master's Report & Recommendation at 5 & n.4 (emphases added).

The trial court summarized the ensuing procedural history:

[The master's report and recommendation awarded Wife] 55% of the marital estate. Noting Wife's lack of credibility and breach of fiduciary duty in managing the coins during separation, the Master awarded Wife only 35% of the value of the coin collection.

Husband filed multiple exceptions to the Master's Report. He took exception to Wife being awarded 55% of the marital estate and sought to have her share reduced to 50%. He took exception to Wife being awarded any amount of the coin collection due to

_____

asked — but did not subpoena — the daughters to attend the deposition, but they did not appear. *Id.* at 148.

- 4 -

what the Master called "chicanery . . . contrary to the full disclosure required in equitable distribution matters."

By Order dated [January 18, 2019,[4]] the Court granted both of these exceptions. The Court set the value of the coin collection at $60,000 as advocated at trial by Husband and awarded 100% of the collection to Husband. The Court reduced Wife's percentage share of the marital estate to 50%. No appeal was taken from the July 17, 2019 Order.

Trial Ct. Op. at 3.

Nine months later, on April 22, 2020, Husband filed a petition for special relief, averring: (1) Wife did not provide him all the coins, and instead she "dissipate[ed] the collection[;]"[5] (2) the coins Husband did receive were appraised to have a value of $13,000; and thus (3) Wife owed him $47,000, the difference from the $60,000 value established in the equitable distribution order. Husband's Petition for Special Relief at 3. Husband thus requested a judgment of $47,000. *See id.* at 3-4.

_____

[4] We note the following discrepancies in the record. The trial court opinion stated this order was dated "July 17, 2019." Trial Ct. Op. at 3. However, the order is stamped as "filed" on January 18, 2019, six months earlier, whereas the corresponding entry on the "index" indicates a "filed date" of January 28, 2019. Meanwhile, the handwritten month in the body of the order is not clear as to whether the month is "January" or "July."

[5] Husband did not specify when the coins were given to him, though it appears it was after the January 17, 2019, equitable distribution order. *See* Husband's Petition for Special Relief, 4/22/20, at 3 (unpaginated).

On the same day, April 22, 2020, the trial court entered the underlying order, denying Husband's petition for special relief.[6]  It reasoned:

[Post-separation,] Husband did not seek to compel Wife to produce the coins.

\* \* \*

. . . Husband presented no evidence that Wife's actions prevented him from receiving the full value of the coins.  Wife was not forthcoming early in the proceedings about the whereabouts of the coins.  She ultimately provided the coins to Husband **in accordance with the Report and Recommendation of the Master.**  This did not affect their value.  Husband testified that the coins were valued at between $50,000 to $60,000, while Wife claimed that they were worth far less.  He did not seek to delay the trial until he had the coins in his possession.  He had or should have had the coins in his possession within 14 days of the Master's Report, or by May 31, 2018.  Husband had many options at his disposal to delay a final decision of the Court on the value of the coins.  He could have taken steps during discovery to force Wife to obtain the coins and present them for appraisal.  He could have sought a continuance of the trial unless and until he had the coins appraised.  He could have had the coins appraised prior to argument on his exceptions.  Husband did none of these things.  Rather he presented a Petition for Special Relief seven months later when he finally had the coins appraised and realized his error.  The Court both awarded him the full value he placed on the coins and gave him 100% of the collection.  This was all Husband requested in Exceptions.

Trial Ct. Op. at 1, 4 (emphasis added).

_____

[6] The text of the order states that it was issued on April **13**, 2020.  However, the order is stamped as "filed" on April **22**, 2013.

- 6 -

Husband filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He presents two related issues for our review:

> 1. Did the Trial Court err as a matter of law/abuse its discretion by not finding that [Husband] was owed $47,000 from [Wife] as he did not receive the full value of the coin collection due to [Wife's] actions?

> 2. Did the Trial Court err as a matter of law/ abuse its discretion by not finding that [Husband] did not receive the full value of his fifty percent (50%) of the marital estate as awarded to him at equitable distribution?

Husband's Brief at 4.

First, Husband emphasizes he does not challenge the $60,000 valuation of the coin collection, but rather the fact that Wife has failed to provide him all the coins. Husband's Brief at 19-20. Husband refutes the trial court's finding that he "presented no evidence that Wife's actions prevented him from receiving the full value of the coins." Husband's Brief at 18, *quoting* Trial Ct. Op. at 4. Instead, Husband insists, he did present such evidence, namely: the Master's finding that Wife was "not credible" and "deceitful" about the coins; Wife's failure, at the May 10, 2018, trial, to "identif[y] the location of the entire coin collection;" and the fact that to date, he still has not received the entirety of the coin collection. Husband's Brief at 18. Husband reasons, "This is the best proof [he] can offer, as he cannot prove a negative." ***Id.***

Next, Husband challenges each of the trial court's suggestions as to what actions he could have undertaken. Husband contends: (1) he "could

- 7 -

not have 'taken steps during discovery to force Wife to . . . present [the coins] for appraisal,'" as Wife had "denied the existence of the coin collection[;]" (2) he could not have sought "to delay the trial until he had the coins in his possession," as the very "existence of the coin collection was one of the main issues at trial;" and (3) he "could not 'have had the coins appraised prior to argument on his exceptions'" because he did not have the entire collection in his possession — and again, "[t]here is no issue with the valuation of the coins." Husband's Brief at 19-20. Husband avers it is unjust to place the burden on him "to appeal an accurate valuation because Wife refuses to produce the entirety of the coin collection." *Id.* at 27.

Finally, Husband concludes that because he has not received the entirety of the coin collection, he has been denied his full 50% share of the marital estate distribution. He asserts the court's denial of his petition for special relief "constitutes a forfeiture of $47,000[, or] 16.55% of his equitable distribution share," and the trial court abused its discretion by not enforcing the distribution scheme. Husband's Brief at 17.

Wife does not refute Husband's allegation that she failed to provide him the entire coin collection. Instead, she avers Husband "has offered no evidence supporting [this] claim." Wife's Brief at 11. Wife maintains "Husband should have obtained an" expert's opinion on the "true value" of the collection, rather than "continu[ing] with the litigation upon [an] assumption that the value was $60,000." *Id.* at 9-10. Wife contends she "offered her

knowledge [that] the coin collection [was] in the possession of her daughters at the February 7, 2018 conciliation," and thus Husband had three months before "trial to obtain an appraisal but actively chose not to do so." *Id.* at 14-15. Wife reasons: Husband failed to have the coins appraised by an expert, but instead offered his own, unsupported valuation; the court accepted his valuation; and Husband is bound by his own actions and omissions. After careful review, we conclude Husband is entitled to relief.

Appellate review of a ruling on a petition for special relief in an equitable distribution matter

> is governed by an abuse of discretion standard. An abuse of discretion has been explained by the appellate courts of this Commonwealth as more than an error in judgment; we may find an abuse of discretion only on clear and convincing evidence that the trial court misapplied the law or overrode it or that the judgment reached was manifestly unreasonable, or based on bias, ill-will, or partiality.

*Johnson v. Johnson*, 864 A.2d 1224, 1229 (Pa. Super. 2004) (citations omitted).

> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties."

*Childress v. Bogosian*, 12 A.3d 448, 455-56 (Pa. Super. 2011) (citations omitted).

In an equitable distribution matter, "a petition for special relief is an appeal to the equitable powers of the trial court." *Johnson*, 864 A.2d at 1230. Section 3323 of the Divorce Code provides:

> **(f) Equity power and jurisdiction of the court.—**In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

23 Pa.C.S. § 3323(f).

The crux of Husband's claim, both in the underlying petition for special relief and on appeal, is that throughout this litigation, Wife has been untruthful about the whereabouts of the full coin collection, and that she failed to provide Husband the full coin collection. Husband emphasizes on appeal that he is not challenging the $60,000 value assigned to the collection, but rather the fact that Wife has failed to provide him the full collection.

The trial court's opinion does not respond specifically to Husband's claims. We note portions of the trial court's opinion infer Wife did give Husband the complete collection, and that any error was Husband's assigning an inaccurate value to this full collection: "[W]ife ultimately provided the coins to Husband **in accordance with the Report and Recommendation of the Master**. This did not affect their value. . . . [Husband] presented a Petition for Special Relief seven months later when he finally had the coins appraised and realized his error." *See* Trial Ct. Op. at 4 (emphasis added). On the other

- 10 -

hand, the court also suggests Husband bore the burden, but failed, to ensure Wife produced the full collection that was in her physical possession or control: "[Husband] did not seek to delay the trial until he had the coins in his possession. . . . He could have taken [unspecified] steps during discovery to force Wife to obtain the coins and present them for appraisal[,] could have sought a continuance of . . . trial . . . and could have had the coins appraised prior to argument on his exceptions." ***See id.***

Additionally, while the trial court found Husband should have taken additional action during discovery to ensure Wife's production of the full coin collection, we note Wife's denial, at that time, of possession of the coins. We also emphasize the master's finding — which the trial court did not dispute — that Wife was not credible as to the whereabouts of the full coin collection. ***See*** Master's Report & Recommendation at 4; Trial Ct. Op. at 3 (quoting master's finding that Wife's veracity is "questionable"). With respect to the suggestion that Husband "could have had the coins appraised prior to argument on his exceptions," the court also ignores that Wife was directed, by the master's report, to present the full coin collection so that it could be appraised. ***See*** Master's Report & Recommendation at 5 & n.4; Trial Ct. Op. at 4. Rather than addressing Wife's failure to comply with the master's report, the court implicitly found it was Husband who failed to take additional steps to ensure Wife's compliance. Finally, we note the court did not overrule the master's finding that "Wife breached her fiduciary duty to maintain all marital

- 11 -

assets for equitable distribution." **See** Master's Report & Recommendation at 4. The court cites no legal authority why Husband bore the burden of compelling Wife to produce a marital asset that was in her sole possession or control.

For the foregoing reasons, we vacate the trial court's order denying Husband's petition for special relief. We remand for the trial court to enter findings on Husband's allegation that Wife has failed to present the full coin collection that is valued at $60,000. The court shall accordingly rule on the requests for relief set forth in Husband's petition. The court may conduct a hearing and/or direct the parties to file additional briefs, as the court deems necessary.

Order vacated and case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  04/13/2021